## THE STATE OF IOWA,

IOWA CITY, JUNE TERM, A. D. 1851.

In the fifth year of the State.

————•◆•————

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
 " JOHN F. KINNEY, } JUDGES.
 " GEORGE GREENE, }

————•◆•————

### THE STATE *v.* GLOVER & NEVIN.

An indictment found should be presented in open court, in presence of the
 grand jury, and the fact should be certified of record.
Parole testimony of a clerk or his deputy not admissible to supply mat-
 ter which should appear of record.

### ERROR *to Linn District Court.*

*Opinion by* WILLIAMS, C. J.   At the March term of the
district court for Linn county, Joshua Glover was called to
answer to an indictment for gaming.   At the same term, he
and one, John Nevin, were also charged by indictment with
selling spirituous liquor without license, in violation of the
P

Statute. When the causes were called for trial the defendants moved to quash the indictments in each case, for the reason that there was no indorsement or other proper and legal evidence that they were found, and "exhibited in open court, *in the presence of the grand jury*," and filed of record, as required by the statute, in such cases made and provided. By the bill of exceptions, it appears that indorsements had been made on the back of the indictments as follows, viz : " Exhibited in open court, in the presence of the grand jury, and filed this 11th day of September, A. D., 1850." But it also appears that this indorsement was not made by Hosea W. Gray, who was the clerk of the district court of Linn county, at the term of said district court when the indictments purport to have been found and presented. The signature of James M. Berry, clerk, as it appears, by said indorsements, was signed only a few days before the term of the court next succeeding that when the indictments purport to have been found. That the said James M. Berry was not appointed to the office of clerk of the said district court, until after the adjournment of the court for the term at which the indictments purport to have been found and presented ; and that the signature of said " James M. Berry, clerk," was attached to said indorsement without any express order of said court.

This being the state of the case as to the making of the indorsements, the prosecuting attorney for the county, thereupon, moved the court to allow Hosea W. Gray, who was then in court, and who had been the clerk at the time the indictments purport to have been found and presented, but who was not, at the time of the making of this motion, the clerk, to amend by signing his name officially to said indorsements, and to strike out the name of James M. Berry, who had signed them as clerk, or to allow the said James M. Berry to sign the name of Hosea W. Gray as principal of him, the said James M. Berry, at the time said indorsements were made ; that the name of James M. Berry was

there by mistake ; and also, to prove by said Hosea W. Gray, that he had omitted in the hurry of business at the September term, when said indictments purport to have been found and presented, to sign his name to the filing, as indorsed on said indictments. The prosecuting attorney offered also to prove by Hosea W. Gray and James M. Berry, that said indictments were presented in open court in the presence of the grand jury, at said September term, 1850 ; and at that time said Gray was acting as clerk, and said Berry as deputy and assistant clerk of said court ; that said Berry did act as deputy clerk at said term of the court, and did make the indorsements on the same day, and almost instantaneously with the presentment of said indictments, omitting the signature and leaving the same to be signed by said Hosea W. Gray, who was then clerk, which the said Gray omitted to do. That on the 12th day of September, after the adjournment of said court, said Gray retired from the office of clerk of the court, and said Berry, who had been elected was qualified and assumed the duties of that office ; that said Berry had ever since performed the duties of clerk, and still officiated as such ; that said indictment had been arranged in a bundle with other indictments, and remained in that condition as papers of said office with said indorsement thereon, but without the signature, from the time said indorsement was made until the motion to quash was made and said evidence offered. And said prosecutor offered to submit to such terms as the court might impose, if such amendment were to be allowed, and that the defendants might have until the next term thereafter to plead. The court refused to admit the testimony as offered, or any part thereof; and refused also to permit the amendments or either of them to be made, and sustained the motion to quash. To this ruling of the court the prosecutor for the county excepted.

In this matter, it is contended that the court erred ; and therefore a reversal of the judgment is claimed. Two

questions are here presented for the consideration of this court :

1st.  Is it indispensably necessary, in law, that the indictments should be, when found, presented in open court in the presence of the grand jury, and that the fact should be judicially and officially certified of record?

2d.  If so, upon the failure of the court, so to certify the facts during the term, is parole testimony allowable to supply the omission, or cure the failure, and can the record be amended after the expiration of the term when the indictments purport to have been found and presented?

The first question is directly answered and disposed of by the statute.  The legislature of this state have deemed it proper to prescribe the duties of courts and juries in proceedings of a criminal nature, in order that uniform security and protection may be given to persons accused of crime.  The legislature have enacted that "indictments found by a grand jury shall be presented to the court *in the presence* of said jury, shall be filed and remain as public record."  Rev. Stat. p. 152, § 34.  This enactment is positive in its terms.  Its requirement is, that it shall be presented to the court in presence of the grand jury.  The propriety of such a provision, in view of the rights of the accused is obvious.  It is enough, however, that it is so enacted ; its observance is a duty not to be questioned ; courts will enforce it.  The manner in which the fact of presentation of the indictment in open court in the presence of the grand jury should be made to appear, is not specifically prescribed by the statute ; that is left for the action of the court, in accordance with the proper and usual procedure of judicial tribunals in making and preserving matters of record.  That the legislature intended to make such presentation a matter of record, cannot, we think, be doubted.  The fact should appear of record, then, affirmatively.  In view of the statute, it is as necessary that this should be made a matter of record as a verdict of a jury, in the judgment of the

court. In the case of *Rainey* v. *The People*, 3 Gilman's R. 72, the court decided that, "the only mode of preferring an indictment is through the medium of the grand jury. It is the imperative duty of the grand jury to make the presentment in open court. The indictment is the foundation of all the subsequent proceedings in the cause ; and to uphold them, the record ought to show affirmatively the returning of the indictment into court, by the grand jury." In the case of *Gardner* v. *The People*, 3 Scam. 83, it is decided that the indorsement and signature of the foreman are the evidence of the finding of the grand jury, without which, the court should never permit the indictment to be entered of record as a true bill." *McKinney* v. *The People*, 2 Gilman, 540. The statute of Illinois requires that the indictment, when found, shall be indorsed " a true bill," and that this indorsement shall be signed by the foreman, officially. Is that requirement any more imperative than that of the statute, that " the indictment shall be presented to the court in the presence of the grand jury, shall be filed, and remain as a public record ? " We think not. The legislature certainly intended that the finding, presentation in the presence of the grand jury, and filing of the indictment should be certified by the record of the court. These acts each, should appear affirmatively of record. If one might be dispensed with, so might the other. That the presentation to the court, *in the presence of the grand jury*, is as indispensable as the finding or the filing, is clear from the terms of the statute ; we think it would not be contended that the two latter requirements need not be complied with. Where a statute plainly and positively in express terms enjoins the performance of a duty like this, the omission of it is fatal to the proceeding. Without it the indictment was not legitimately in possession of the court, for the exercise of its jurisdiction. In the case of *Young* v. *Duggan*, 1 G. Greene's R., 152, this court decided that, where the clerk of the district court had omitted to indorse an award of

arbitrators, so as to fix the day on which it was returned and filed in the clerks office, the oath of the arbitrator who handed it to the clerk in his office, was competent evidence to show that the return was made in time, and that the court would presume that the proceedings were regular in the absence of evidence to the contrary; that the record having been delivered to the clerk, in his office, within the time prescribed by law, the omission of the clerk to indorse it as filed did not vitiate the proceeding. In this case the duty enjoined, was merely clerical, so far as the indorsement by the clerk was concerned. The return of the record within the time prescribed by law, was the essential matter to be ascertained; and to establish which, the evidence of the arbitrator was received. In this case of the award the proceeding was civil in its nature. The case at bar is one of criminal jurisprudence. The duty enjoined by the statute, and which was omitted, appertains to the court, in term time for its solemn recognition and action, under its own supervision. It becomes matter of record by the fact of the court itself. Such is the difference between these cases. The duties enjoined by a criminal statute are more rigidly enforced than those of a civil nature. We are of the opinion that the omission to make the record required by the statute, of the fact, that the indictments were " presented into court *in the presence of the grand jury* " is fatal to the proceeding. This seems to have been granted by the counsel for the prosecution as proposed in the court below, to cure the defect by the parole testimony of the clerk of the court and his deputy, who officiated at the term of the court when the indictments purport to have been found. On this subject, whilst we must admire the ardor and ingenuity with which this proposition has been urged, we have only to say, that it is not allowable, in a criminal proceeding under the statute, to adopt so loose and unsafe a practice. The design of the statute is to guard and protect the rights of persons who stand accused of offences. To allow

the record to be supplied, or made up six months after the court had been adjourned and the grand jury dispersed, by a person who had been clerk, but whose term of office had expired, or by his deputy, or the successor of the clerk who officiated at the term when the act should have been done, would, we think, be fraught with danger to parties defendant in criminal cases, in violation of the express and imperative injunction of the statute. We are unwilling that such a precedent shall be furnished for the future action of the courts. The ruling of the court below, rejecting the parole testimony to supply the record, refusing to permit the amendment to be made, and quashing the indictments, was correct.

Judgment affirmed.

*Wm. Smyth,* for the State.

*I. M. Preston,* for defendants.